BARKETT, Circuit Judge,
concurring specially:
Based on the precedent of this Circuit, I concur in the majority’s conclusion that this case be remanded for further proceedings. While I have reservations about whether Atlanta Gas & Light Co. v. Dep’t of Energy, 666 F.2d 1359, 1368 n. 16 (11th Cir.) cert. denied, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 78 (1982), and Seniors Civil Liberties Ass’n v. Kemp, 965 F.2d 1030, 1034 n. 6 (11th Cir.1992), were correct in saying that private plaintiffs have standing to assert Tenth Amendment claims, I agree that they foreclose Appellees arguments in this regard.[1]
Although it does not make a difference in the outcome of this proceeding, I think that the majority’s additional finding that the Intervenors state a claim under Section 2 of the Voting Rights Act is erroneous. Having reviewed the Complaint in Intervention, I do not believe that it contains any of the requisite allegations for asserting a claim under the Voting Rights Act.[2] The Intervenors have not alleged that their right to vote has been denied or abridged on account of race or color, They do not allege that they personally suffer vote dilution because there are seven instead of four commissioners, or that the expanded commission size in any other way impairs their equal opportunity to participate fully in the political process and elect the candidate of their choice. The only allegation to which the majority opinion points is the Intervenors’ assertion that “the district court intentionally increased the size of the Baldwin County Commission and redrew the district lines specifically in order to create a majority black district.” Maj. op. at 1280. This allegation is not sufficient, in my view, to establish a claim under the Voting Rights Act.

. But see Tennessee Elec. Power Co. v. T.V.A., 306 U.S. 118, 144, 59 S.Ct. 366, 83 L.Ed. 543 (1939) (observing in passing that "absent the states or their officers,” private parties "have no standing ... to raise any question under the [Tenth] Amendment.”); see also Nance v. EPA, 645 F.2d 701, 716 (9th Cir.1981) ("insofar as the Tenth Amendment is designed to protect the interest of states qua states,” standing of private party "may be seriously questioned”); Metrolina Family Practice Group, P.A. v. Sullivan, 767 F.Supp. 1314, 1320 (W.D.N.C.1989), aff'd, 929 F.2d 693 (4th Cir.1991).

. Section 2 of the Voting Rights Act provides: "No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color....” 42 U.S.C. § 1973(a).